**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CRAIG NICHOLS, ET AL.** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:26-cv-705 -P** |
| | § | |
| **AMERICAN EQUITY FUNDING,** | § | |
| **INC., ET AL.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE AS TO PLAINTIFFS' EX PARTE MOTION FOR A
TEMPORARY RESTRAINING ORDER**</u>

On April 9, 2026, *pro se* Plaintiffs Craig Nichols and Mary Nichols ("Plaintiffs") filed an Emergency Motion for Temporary Restraining Order ("Motion"). In that Motion, Plaintiffs request this Court grant a temporary restraining order ("TRO") enjoining the court-ordered foreclosure of 2520 Deer Trail, Granbury, Texas. (*See* Emergency Motion for Temporary Restraining Order ("TRO") at 2.) At this time, no Defendant has been served; as such, this is an ex parte application for a TRO. *See* Fed. R. Civ. P. 65(b)(1). Having carefully reviewed the motion, the Court finds, concludes, and recommends that the motion be **DENIED** because Plaintiff failed to comply with Federal Rule of Civil Procedure 65(b)(1) as required for the Court to issue a TRO without written or oral notice. *See* Fed. R. Civ. P. 65(b)(1)(B) (requiring the requesting party to "certif[y] in writing any efforts made to give notice" to the enjoined party).

Moreover, even assuming Plaintiffs had complied with Rule 65(b)(1) to obtain a TRO, injunctive relief is barred by the Anti-Injunction Act and the *Rooker-Feldman* Doctrine because, as stated above, the foreclosure process is pursuant to a Texas state court order.[1] *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (stating that a federal court may

---

[1] The Court notes that a final judgment has also been entered in the underlying state-court action. (*See* Plaintiffs Complaint at 15.)

1

not grant injunctive relief that would enjoin a party "from enforcing a valid [ ] judgment of a Texas court"); *see also Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)("[T]he *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments"). Consequently, the Court also finds, concludes, and recommends that the motion be **DENIED** because relief is barred by these doctrines.

<u>**NOTICE OF RIGHT TO OBJECT TO PROPOSED**</u>
<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>
<u>**AND CONSEQUENCES OF FAILURE TO OBJECT**</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

2

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 23, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED June 9, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3