UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRAIG MICHAEL NICHOLS,**

    Plaintiff,

v.                                                            **No. 4:26-cv-00705-P**

**AMERICAN EQUITY FUNDING,
INC, ET AL,**

    Defendants.

## ORDER

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. ECF No. 7. Plaintiff filed Objections on June 22, 2026 (ECF No. 8) and the Magistrate Judge's Recommendation is ripe for review. Accordingly, the undersigned District Judge conducted a *de novo* review.

The undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. Plaintiff's objections are **OVERRULLED**.

Before the Court is Plaintiff's Motion for Temporary Restraining and Preliminary Injunction (ECF No. 4), filed on June 9, 2026. Plaintiff requests that the Court enjoin Defendants with regard to the spoilation of evidence concerning the incident in her case. Having reviewed Plaintiffs' request and the applicable law, the Court concludes that the Motion should be, and is hereby, **DENIED.**

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders.

Here, Plaintiff is requesting that the Court grant an *ex parte* TRO, but has completely failed to discuss the issue of notice. Under Rule

65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Plaintiff failed to certify via writing any of the efforts made to give notice to Defendants. *See* ECF No. 4. The Court therefore concludes that Plaintiff's request for an *ex parte* TRO fails to meet the requirements of Rule 65(b)(1)(B).

Based on the foregoing, Plaintiffs' Motion is **DENIED**.

**SO ORDERED** on this **24th day of June 2026.**

_____

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2